# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2018

No. 16-31229

Lyle W. Cayce
Clerk

WAYNE WALKER, as Administrator of the Successions of Arnette Calhoun
Spells, Sr. and Arnette Calhoun Spells, Jr.,

      Plaintiff - Appellant

v.

NEW ORLEANS CITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-3823

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

This case involves a claim against the City of New Orleans for taking property without due process of law in violation of the Fourteenth Amendment. The district court dismissed the lawsuit for lack of standing and for failure to state a claim. We vacate and remand for further proceedings.

In 2014, the City commenced administrative proceedings alleging code violations against the record owners of a blighted property. The record owners,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31229

Arnett Calhoun Spells and Arnett Spells, Jr., were deceased.  The City attempted service on the Spells, sending notice by certified mail to the address of the blighted property.  The notice stated that if the Spells did not appear for an administrative hearing, their absence would "be considered an admission of liability."  The U.S. Postal Service returned the notice as "Not Deliverable" and "Unable to Forward."  The City moved forward with an administrative hearing, assessed significant fines for the code violations, and issued a demolition order for the property.  The City sent notice of the judgment again by certified mail to the property's address.  The notice stated that the Spells had 30 days to abate the code violations or the City would demolish the property.  The Postal Service again returned the notice as "Not Deliverable."

One year later and before the property was demolished, the Spells' heirs sued in federal court seeking a declaratory judgment that the administrative hearing was void because the City gave inadequate notice.  They also sought damages.  The heirs then opened the "succession" of the Spells' estate, and one heir, Wayne Walker ("Appellant"), was named succession administrator.  Appellant was substituted as the named plaintiff in the case.

On the City's motion, the district court dismissed the lawsuit under Federal Rule of Civil Procedure 12(b)(1).  The district court held that "because the administrator could not rightfully bring a wrongful death action, the administrator also does not have standing to bring a civil rights action under 42 U.S.C. § 1983."   Appellant contested this ruling in a motion for new trial.  The district court denied the motion, holding that, even if there were standing, it would dismiss under Federal Rule 12(b)(6) because the complaint failed to state a claim for deprivation of due process.  Walker timely appealed.

The district court erred in holding that a succession administrator lacks standing to bring a § 1983 due process claim.  The district court relied on *Pluet v. Frasier*, in which this court stated that "a party must have standing

2

under the state wrongful death or survival statutes to bring a claim under [§ 1983]." 355 F.3d 381, 383 (5th Cir. 2004). A succession administrator has no standing to bring a wrongful death claim under Louisiana law. *See* La. Civ. Code Ann. art. 2315.2. Unlike *Pluet*, however, this case does not involve a § 1983 claim predicated on a wrongful death. Appellant asserts a claim relating to deprivation of property. Louisiana Code of Civil Procedure article 685 provides that "the succession representative . . . is the proper plaintiff to sue to enforce a right of the deceased *or of his succession*." Consequently, Appellant has standing to the extent he seeks to enforce a right of the succession.

Moreover, Appellant may have stated a plausible claim for a due process violation under *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708 (2006). In *Flowers*, the Court held that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." 547 U.S. at 225, 126 S. Ct. at 1713. The Court found that the government violated due process by failing to take such reasonable steps as sending notice by regular mail or posting notice on the property. *Id.* at 234-35, *id.* at 1719. Here, as in *Flowers*, the City took no further steps after the notices were returned unclaimed. Thus, Appellant may have stated a plausible claim for a due process violation.

In concluding, we note that this court was informed during oral argument that the property at issue was sold by the heirs to pay the fines imposed by the city. This seems to change the nature of the claimed due process violation, and it is unclear whether the suit may proceed.

Based on this set of unusual circumstances, we **VACATE** the district court's judgment and **REMAND** for further proceedings.